UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SMILEY MARTIN,

    Plaintiff,

v.

J. HER, et al.,

    Defendants.

No. 2: 18-cv-1658 KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for an extension of time to conduct discovery and request for return of a CD. (ECF No. 29.) Also pending is defendant's motion to compel. (ECF No. 30.) For the reasons stated herein, these motions are denied.

Plaintiff's Claims

This action proceeds on the original complaint filed June 7, 2018, against defendant Her, a deputy sheriff employed at the Sacramento County Jail. (ECF No. 1.) Plaintiff alleges that defendant Her let a "bunch of other inmates who are rival gang members fight against us." (Id. at 3.) Plaintiff alleges that the other inmates are Bloods, so they belonged on the east side of the jail. (Id.) Plaintiff alleges that defendant Her threatened to retaliate against him for filing a grievance. (Id. at 4.)

////

Defendant's Motion to Compel

Plaintiff did not file an opposition to defendant's motion to compel. However, for the reasons stated herein, defendant's motion to compel is denied.

Defendant alleges that plaintiff failed to make a proper response to special interrogatory No. 10 which asked,

> "Is your response to each request for admission served with these interrogatories an unqualified admission? If no, for each response that is not an unqualified admission:
>
> (a) State the number of your request;
>
> (b) State all facts upon which you base your response;
>
> (c) State the name, address and telephone number of all persons who have knowledge of those facts.

(ECF No. 30-2 at 28.)

Plaintiff responded to interrogatory no. 10, "my admissions are qualified." (Id.) Plaintiff did not otherwise explain this response.

In the motion to compel, defendant states that plaintiff denied all requests for admissions. (ECF No. 30 at 2.) Defendant argues that because plaintiff denied all requests for admissions, his response to interrogatory no. 10 that his admissions are qualified is improper, evasive and fails to respond to the interrogatory. (Id.)

Defendant served plaintiff with five requests for admissions. Request for admission one states, "Admit that defendant is not liable to you under your first claim for relief for threat to safety under the Eighth and Fourteenth Amendments, as alleged in your complaint." (ECF No. 30-2 at 33.) Request for admission two states, "Admit that defendant is not liable to you under your second claim for relief for retaliation under the Fourteenth Amendment, as alleged in your complaint." (Id.) Request for admission three states, "Admit that to your knowledge, the men that attacked you on January 28, 2018 were not rival gang members." (Id.) Request for admission four states, "Admit that you are not a gang member." (Id. at 34.) Request for admission five states, "Admit that your own acts or omissions caused your injuries resulting from the incident." (Id.)

2

1     Plaintiff denied all requests for admissions. (Id. at 33-34.)

2     Federal Rule of Civil Procedure 36 provides that "[a] party may serve on any other party a written request to admit...the truth of any matters within the scope of Rule 26(b)(1) relating to... facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36(a)(1). The scope of Rule 26(b)(1) provides that matters "that [are] relevant to any party's claim or defense and proportional to the needs of the case" are discoverable. If a responding party does not admit a matter, the party "must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). "[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Id.

"Requests for admission are "first, to facilitate proof with respect to issues that cannot be eliminated from the case, and second to narrow the issues by eliminating those that can be. The rule is not to be used in an effort to harass the other side." Jones v. Skolnik, 2014 WL 2625000 at * 1 (D. Nev. 2015) (quoting Conlon v. United States, 474 F.3d 616, 622 (9th Cir. 2007)). Requests for admissions are designed to limit the factual issues in the case. Trachhia v. Tilton, 2008 WL 5382253 at * 2 (E.D. Cal. 2008).

Requests for admissions should not be used to establish "facts which are obviously in dispute." Lakehead Pipe Line Co. v. American Home Assur. Co., 177 F.R.D. 454, 458 (D. Minn. 1997). "Although the rule permits a party to ask another party to admit the truth of 'the application of law to facts,' requests for admission should not be used to 'demand that the other party admit the truth of a legal conclusion,'" Tracchia, 2008 WL 5382253 *2 (quoting Disability Rights Council v. Wash. Metro. Area, 234 F.R.D. 1, 3 (D.C. Cir. 2006)).

Defendant's requests for admissions violate the strictures that such requests not seek to establish facts in obvious dispute and not demand the opposite party to admit the truth of a legal conclusion. For example, whether plaintiff caused his own injuries is in obvious dispute. Defendant's requests for admissions are not designed to limit the factual issues in this case.

Because defendant's requests for admissions are improper, plaintiff is not required to provide a further response to interrogatory no. 10. Accordingly, defendant's motion to compel is

3

denied.[1]

Plaintiff's Motion for Extension of Time

On February 27, 2019, the court issued a scheduling order setting the discovery deadline for June 14, 2019, and the dispositive motion deadline for September 6, 2019. (ECF No. 28.)

On June 5, 2019, plaintiff filed a motion for a thirty-day extension of time "to review the video footage in my discovery." (ECF No. 29 at 1.) Plaintiff also states that he would like an injunction "for CDCR to release the CD that the court ordered for my discovery. They took it and I'm still waiting for them to find it." (Id.)

On June 26, 2019, defendant filed an opposition to plaintiff's motion for extension of time. (ECF No. 31.) Defendant argues that plaintiff does not require an extension of time to review the video footage provided by defendant in the discovery responses. Defendant also states that he has no control over the CDCR or its policies regarding withholding the CD from plaintiff.

The undersigned agrees that plaintiff does not require an extension of time to review the video footage provided to him by defendant. The undersigned also agrees that defendant has no control over when and whether CDCR officials will permit plaintiff to review the video footage. For these reasons, plaintiff's motion for extension of time is denied.

If plaintiff has still not viewed the video footage by the time he receives this order, he may file a motion requesting court assistance in reviewing the video footage. In this motion, plaintiff shall describe his attempts to review the video footage, including to whom his requests were made and when.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a thirty days extension of time and request for return of CD (ECF No. 29) is denied;

////

////

////

---

[1] "Discovery under the Federal Rules of Civil Procedure is not a game of 'gotcha.'" Grubbs v. Winn Dixie Properties, LLC, 2015 WL 3892555 at *1 (E.D. La. 2015).

4

2. Defendant's motion to compel (ECF No. 30) is denied.

Dated: July 29, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mart1658.den