UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMILEY MARTIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. HER,<br><br>　　　　　Defendant. | No.  2:18-cv-1658 KJM KJN P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On August 21, 2020, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  ECF No. 44.  Defendant has filed objections to the findings and recommendations, ECF No. 45, which the court addresses in this order.  Given the objections, in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of the matter.  As a result of that review, the court finds the findings and recommendations to be supported by the record and by the proper analysis as explained and supplemented below.

1

1    The magistrate judge recommended that defendant's summary judgment motion be
2 denied, in part, on the grounds that whether defendant witnessed the fight is a materially disputed
3 fact.  In the objections defendant argues, in part, that even if he witnessed the fight, he did not act
4 with deliberate indifference because there was nothing he could have reasonably done to stop the
5 fight or prevent plaintiff's injuries.  ECF No. 45 at 3–7.  As observed by the magistrate judge,
6 defendant did not argue in the summary judgment motion that it was undisputed there was
7 nothing he could have reasonably done to stop the fight or prevent plaintiff's injuries if he
8 witnessed the fight.  *See* ECF No. 44 at 13 n.7.  The undersigned exercises her discretion not to
9 consider this new argument raised in defendant's objections.  *See Brown v. Roe*, 279 F.3d 742,
10 744-46 (9th Cir. 2002).

11    Additionally, this court agrees that defendant Her is not protected by qualified immunity
12 in the face of the claim that defendant Her failed to intervene after the fight broke out.  A prison
13 official is deliberately indifferent in violation of the Eighth Amendment if the official knew of
14 and disregarded a substantial risk of serious harm to the inmate.  *Farmer v. Brennan*, 511 U.S.
15 825, 834, 114 S.Ct. 1970 (1994).  "[T]he law regarding prison officials' duty to take reasonable
16 measures to protect inmates from violence at the hands of other prisoners is 'clearly established.'"
17 *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001) (quoting *Farmer*, 511 U.S. at 833).

18    While *Robinson* involved correctional officers who knew of the likelihood of the prison
19 fight prior to its occurrence, the holding is still relevant here. In affirming the district court's
20 denial of qualified immunity to prison guards who enabled a prison fight and then failed to
21 intervene in the fight, the Ninth Circuit held the "alleged fact that guards failed to intervene while
22 Robinson was attacked by another inmate" demonstrated the defendant's indifference.  *Id.* at 867.
23 In considering the evidence in the light most favorable to the plaintiff, if defendant did know of
24 the fight, which is a materially disputed fact, it is reasonable to presume that defendant Her could
25 have taken some action to protect the plaintiff from violence at the hands of other prisoners.  *See*
26 ECF No. 44 at 9 n.5 (citing to defendant's list of undisputed facts, ECF No. 39 at 6, and
27 defendant Her's declaration ECF No. 33-4 at 3); *see also id.* at 14 n.9 (citing plaintiff's deposition
28 at 26 demonstrating that plaintiff's use of the emergency button could have given defendant

knowledge of the fight).  And *Farmer* and *Robinson* put defendant on notice of the clearly established law applicable to defendant's obligations under these circumstances.

     Accordingly, IT IS HEREBY ORDERED that:

     1.  The findings and recommendations filed August 21, 2020, are adopted in full;

     2.  Defendant's summary judgment motion (ECF No. 33) is granted as to plaintiff's claim alleging that defendant Her violated his Eighth Amendment rights when he released plaintiff to breakfast and as to plaintiff's claim alleging that defendant retaliated against him in violation of the Fourteenth Amendment; and

     3.  Defendant's summary judgment motion is denied in all other respects, including with respect to a First Amendment retaliation claim for the reasons set forth in the findings and recommendations.

DATED:  March 31, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE