UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Smiley Martin, | No. 2:18-cv-01658-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| Officer J. Her, | |
| Defendant. | |

Plaintiff Smiley Martin is a former state prisoner pursuing a civil rights action against Deputy Johnny Her, for harm Martin alleges he suffered while incarcerated. Her argues the claims against him should be dismissed because Martin has not exhausted his administrative remedies. Given the record before it, the court **denies the motion to dismiss**.

**I.      BACKGROUND**

Martin was injured in a fight on January 28, 2018. Compl. at 4, ECF No. 1. In his verified complaint, Martin alleges he filed a grievance complaining that Her did not properly respond to the fight or Martin's injuries. *Id*. at 3–4. At his deposition, Martin testified that when Her learned of the grievance Her told a houseman, another prisoner serving in a designated role at the prison, that Her would impose gang enhancements and extra strikes if Martin maintained the grievance. Martin Dep. at 55–57, ECF No. 33-8. The houseman shared this information with

1

Martin. *Id*. Martin did not appeal his grievance "to the highest level" of the administrative process because of Her's threat of "charges and another strike." Compl. at 3–4.

Martin was awaiting a transfer to state prison when the fight occurred, and was transferred shortly after the fight. Findings and Recommendations at 7, ECF No. 44.[1] After his transfer, Martin filed his complaint in this court, asserting an Eighth Amendment failure to protect claim and a First Amendment retaliation claim. *See generally* Compl.

Her raised the question of whether Martin had exhausted his administrative remedies for the first time in the parties' joint statement submitted in advance of the Final Pretrial Conference. Joint Pretrial Statement at 6, ECF No. 56. This court asked the parties to brief the issue. Pretrial Order at 6, ECF No. 61. In response, Her filed a supplemental trial brief. Def. Suppl. Br., ECF No. 70. Martin filed an opposition. Pl. Opp'n, ECF No. 75. Her replied. Reply, ECF No. 78. The court held a hearing on the exhaustion question on March 4, 2022. Mayela Montenegro and Matthew Donahue appeared on behalf of Martin and Carl Fessenden and Suli Mastorakos appeared as counsel for Her.

## II. LEGAL STANDARD

Under the Prison Litigation Reform Act (PLRA) "all inmates must now exhaust all available remedies" before filing a claim in court. *Ross v. Blake*, 578 U.S. 632, 641 (2016). "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). A "fact-based failure-to-exhaust defense should be asserted in a summary judgment motion." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 792 (9th Cir. 2018) (citation omitted). "[D]isputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." *Albino*, 747 F.3d at 1170–71.

The PLRA's exhaustion requirement is an affirmative defense. *Fordley v. Lizarraga*, 18 F.4th 344, 350–51 (9th Cir. 2021) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). "The defendant bears the burden of showing that an administrative process was available to the inmate

---

[1] The court adopted these findings and recommendations on Her's motion for summary judgment. ECF No. 47.

2

and that the inmate failed to exhaust it." *Id*. (citation omitted).  "Once the defendant shows that such a remedy was generally available, the burden shifts to the inmate to show that something in his particular case made the generally available administrative remedies effectively unavailable to him." *Id*.  "Because the failure to exhaust is an affirmative defense that defendants must plead and prove, the ultimate burden . . . remains with the defendants." *Id*.

### III. ANALYSIS

Her argues Martin's retaliation claim should be dismissed for failure to exhaust administrative remedies, as required by the PLRA.  Def. Suppl. Br. at 2.  Her also argues Martin did not fully exhaust his failure to protect claim because Martin did not appeal the denial of his grievance.  *Id*. at 5.  The court finds Her has not carried his burden with respect to either argument.

Regarding retaliation, Her argues "[i]t is undisputed that [Martin] did not file a grievance."  Def. Suppl. Br. at 4.  However, Her has not provided sufficient evidence to carry his burden of showing an administrative remedy was available to Martin.  It is undisputed that Martin was transferred within days after the initial fight.  When asked at hearing, defense counsel was unsure of the exact chronology but estimated the transfer occurred with ten days of the fight, while plaintiff's counsel represented Martin was at a different facility by February 1, 2018, within five days after the fight.  Her has not demonstrated a grievance process was available to Martin to complain about any retaliation after he relocated to a new facility.  Nor does Her provide any evidence demonstrating that a person in custody, as Martin was at the time of the fight, could have initiated and completed any available administrative process, such that exhaustion was met, within ten days.  Her has not pointed the court's attention to any evidence in the record, demonstrating how the grievance process he implies was available works generally.  The court finds Her has failed to carry his initial burden of proving Martin had access to an available administrative remedy that he did not exhaust.  *See Albino*, 747 F.3d at 1176.

Regarding the failure to protect claim, Her further asserts that Martin did not exhaust because he did not appeal the denial of this grievance.  Def. Suppl. Br. at 5.  Her argues "exhaustion requires completion of the prison administrative process, not just one part." *Id*.

Martin contends his claim was properly exhausted because "a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." Pl. Opp'n at 5 (quoting *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005)). Assuming without deciding that administrative remedies remained available in the form of an appeal after Martin was transferred, Her still fails to carry his burden on this claim.

"An inmate, . . . need not exhaust unavailable [remedies]," *Ross*, 578 U.S. at 642, and the Ninth Circuit has "recognize[d] . . . the threat of retaliation for reporting an incident can render the prison grievance process effectively unavailable and thereby excuse a prisoner's failure to exhaust administrative remedies." *McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015); *Rodriguez*, 891 F.3d at 792. "[T]he prisoner must show that (1) 'he actually believed prison officials would retaliate against him if he filed a grievance'; and (2) 'a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat . . . of sufficient severity to deter a reasonable prisoner from filing a grievance.'" *Rodriguez*, 891 F.3d at 792 (quoting *McBride*, 807 F.3d at 987). For a plaintiff to succeed in making this showing the record must include "factual statements supporting" the fear of retaliation, such as "declarations . . . describing the reasons [he] feared retaliation for filing grievances. . . ." *Id.* at 793–94. Here, Martin alleges in his complaint, which is verified, that he "got scared and didn't push the grievance all the way" because Officer Her told other inmates he would give everyone involved in the fight extra charges and strikes if Martin's grievance was not dropped. Compl. at 4 & 6. In his deposition, Martin maintained that he believed Her "was for sure trying to threaten [Martin.]" Martin Dep. at 57. Martin also avers the other inmates also were pressuring him to drop the grievance. Compl. at 4.

The verified complaint and Martin's deposition testimony regarding the threats he experienced satisfy the showing Martin must make to demonstrate exhaustion was unavailable to him by way of retaliation. Her has not carried his burden to show that Martin did not exhaust administrative remedies for this claim.

IV.  CONCLUSION

The court **denies the motion to dismiss (ECF No. 70) for failure to exhaust**.

IT IS SO ORDERED.

DATED: March 9, 2022.

CHIEF UNITED STATES DISTRICT JUDGE